[613 NYS2d 437]

In the Matter of EDWARD G. STAHL (Admitted as EDWARD GEORGE STAHL), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 27, 1994

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Dianne M. Saccone* of counsel), for petitioner.

*Hession, Bekoff & Worth,* Mineola *(Ronald Jay Bekoff* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner moves to confirm the report and findings of the Special Referee and the respondent cross-moves for an order setting aside the Special Referee's findings.

Charge One alleged that the respondent deceived the Appellate Division, Second Department, in his application for reinstatement to the Bar in or about January 1987. In his application, the respondent claimed to have been self-employed at his home during the period of his disbarment and failed to disclose his employment, commencing in approximately 1984, with Joseph Klotz, Esq., and subsequently, with Carl M. Field, Esq., and Field, Field & Field, P. C.

By reason of the foregoing conduct, the respondent violated 22 NYCRR 691.11 (b) (1), which expressly states that only a disbarred attorney who has complied with the provisions of the order disbarring him and who possesses the character and fitness to practice law may apply to this Court for reinstatement, Penal Law § 210.35 by making an apparently sworn false statement in the second degree (a class A misdemeanor), and Penal Law § 210.40 by making an apparently sworn false statement in the first degree (a class E felony).

Charge Two alleged that the respondent, from approximately 1984 through January 1989, engaged in the practice of

law while disbarred. The respondent was employed from at least 1984 through 1987 by his uncle, Joseph Klotz, Esq., and thereafter by Carl M. Field of Field, Field & Field, P. C.

From the period from approximately 1984 through January 1989, the respondent managed and controlled receipts and payments from both the attorney operating accounts and attorney escrow accounts of Joseph Klotz and the Field law firm. During that period, the respondent engaged in numerous daily activities that he knew or should have known constituted practicing law, including making determinations to initiate actions at law and settle collection claims and actions. By reason of this conduct, the respondent violated 22 NYCRR 691.10 (e) and Judiciary Law § 486, which makes the practice of law by a disbarred attorney a misdemeanor.

Charge Three alleged that the respondent converted and misappropriated client escrow funds for purposes other than those for which they were intended.

On or about April 11, 1989, the respondent arranged for payment of $3,000 from the Field, Field & Field, P. C., escrow account at National Westminster Bank, USA, to Mitchell N. Kay, Esq., to settle the respondent's personal indebtedness to The American Express Company.

On or about December 5, 1989 and January 12, 1990, the respondent received cash payments of $4,600 and $5,000, respectively, in settlement of the claim asserted by Field, Field & Field, P. C., on behalf of its client, Etonic Trenton, Inc., against Eastman Athletic Corporation. He neither deposited these funds into the firm's escrow account nor remitted the funds to which the client was entitled.

On or about January 12, 1989, the respondent arranged for the sum of $1,125 to be paid from the firm's escrow account to Ronald Villaneuve, Collection De Sport, AZ of Quebec, Canada, for the respondent's own personal purposes.

On or about January 25, 1989, the respondent arranged for the sum of $1,650 to be paid from the firm's escrow account to Minne Memories of Mankato, Minnesota, for his own personal purposes.

On or about February 25, May 1, and May 12, 1989, the respondent arranged for sums totalling $3,756 to be paid from the firm's escrow account to Gasoline Alley Antiques of Seattle, Washington, for his own personal purposes.

On or about March 9, March 21, March 29, and April 4, 1989, the respondent arranged for payments of sums totalling

$8,050 from the firm's escrow account to Mark Adrian of Ridgewood, New Jersey, for his own personal purposes.

On or about July 28, 1989, the respondent arranged for an escrow check in the sum of $6,000 to be payable to cash to be used for his own personal purposes.

On or about November 28, 1989, the respondent arranged for payment of $5,500 from the firm's escrow account to Pull the Trigger, Ltd., for his own personal purposes.

On or about July 26 and August 28, 1990, the respondent caused sums totalling $6,350 to be paid from the firm's escrow account to In Line, a distributing company, c/o Scott Bader in Sun Valley, California, for the respondent's own personal purposes.

Charge Four alleged that the respondent, after being duly sworn, knew or should have known that he gave false and misleading testimony. On December 20, 1991, the respondent, while represented by counsel, testified under oath at the petitioner's offices. During the course of his testimony, the respondent stated that he performed no legal work for either his uncle, Joseph Klotz, or Carl M. Field during the period of his disbarment. While the respondent admitted visiting his uncle's law office between 1981 and 1987 to visit his wife, he testified that he had limited his activities to photocopying and telephone work to get collection claims for the collection agency he had opened.

The respondent testified that it was Carl Field, rather than himself, who authorized the use of attorney escrow funds to purchase sports memorabilia. The respondent also testified that he did not supervise the work of associate attorneys employed by either Joseph Klotz or Carl M. Field.

After reviewing all of the evidence adduced, including the transcript of the deposition taken of the respondent in December 1991 and the testimony of certain office personnel, we find that the Special Referee properly sustained the four charges of professional misconduct against the respondent. Accordingly, the petitioner's motion to sustain the Special Referee's report is granted. The respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's previous disbarment and his return to unprofessional practices within approximately two years of his reinstatement. In

view of the severity of his misconduct, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward G. Stahl, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward G. Stahl is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.